UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SALLY LAMB and DANIEL LAMB,

                          Plaintiffs,

v.                                                   5:05-CV-0626 (FJS/GHL)

WKI HOLDING COMPANY, INC. and
WORLD KITCHEN, INC., a subsidiary of
WKI Holding Company, Inc.,

                          Defendants.
_____

APPEARANCES:                                  OF COUNSEL:

FRIEDLANDER & FRIEDLANDER, P.C.       WILLIAM S. FRIEDLANDER, ESQ.
Counsel for Plaintiffs
425 Park Avenue
P.O. Box 109
Waverly, New York 14892-0109

GOODWIN PROCTER, LLP                     DIANA M. ROSENBERG, ESQ.
Counsel for Defendants
599 Lexington Avenue
New York, New York 10022

GEORGE H. LOWE, United States Magistrate Judge

### ORDER

On January 26, 2006, I issued an Order addressing, *inter alia*, a proposed stipulated confidentiality order. Dkt. No. 18. If the parties were unable to agree upon such a confidentiality order the matter was to be presented to me. The parties have been unable to agree. Dkt. Nos. 20 and 21.

Plaintiff's counsel is correct that my Order of January 26, 2006, "was specific and that the confidentiality agreement was to pertain to the gynecological records of [his] client." Dkt. No. 21. However, that is because the only issue before me involved the gynecological records. If I

had known at the time that the Defendants wished to protect their proprietary information, I would have provided for such protection, which is rather routine. I have reviewed the Defendants' proposed "Stipulation and Order for the Exchange of Confidential Information," a copy of which is attached to this Order as Exhibit 1, and I find it reasonable and, again, rather routine (indeed, given the references in paragraph "12" to the New York Civil Practice Law and Rules and the Uniform Rules for the New York State Trial Courts, it presumably is a form utilized generally by Defendants' counsel). Its terms should not hamper Plaintiff's ability to litigate this case in any way. In addition, I see no reason why Plaintiff would need, or want, to disclose any of the Defendants' information, proprietary or otherwise, outside the context of the pending litigation.

**ACCORDINGLY**, it is hereby

**ORDERED**, that Exhibit 1 attached to this Order (as amended in paragraph "12" to refer to the Federal Rules of Civil Procedure and the Local Rules of Practice for the Northern District of New York) shall be applicable to and control the parties' exchange of confidential information.

Dated: February 15, 2006
       Syracuse, New York

George H. Lowe
United States Magistrate Judge

**Exhibit 1**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SALLY LAMB and DANIEL LAMB,<br><br>　　　　　　Plaintiffs,<br><br>　　-against-<br><br>WKI HOLDING COMPANY, INC. and WORLD KITCHEN, INC., a subsidiary of WKI HOLDING COMPANY, INC.,<br><br>　　　　　　Defendants. | Case No. 5:05-CV-626 (FJS)(GHL)<br><br><br>STIPULATION AND ORDER<br>FOR THE EXCHANGE OF<br><u>CONFIDENTIAL INFORMATION</u> |

　　　　　IT IS HEREBY STIPULATED AND AGREED by the parties hereto, through their undersigned counsel, that the following procedures shall govern the production and exchange of all documents, testimony, interrogatories, and other information or things produced, given, or exchanged by and between the parties in the course of the above-captioned action and all information contained in such material including without limitation all copies, excerpts, and summaries of such material:

　　　　　1.　　Any person (including a third party not named in this action) who is required to produce documents, testimony, interrogatories and/or other information or things in discovery or at the trial in this case may designate as "Confidential" (a) any material which contains financial or other internal information of a proprietary, commercially sensitive, or competitive nature; (b) any information in the nature of a trade secret or other research, development or commercial information of a confidential or proprietary nature; (c) any material that is subject to a legally protected right of privacy, including material containing confidential research, development, product formulation, market information, financial information, customer lists or proprietary

business information protected by a right of privacy; or (d) any gynecological records from the offices of Dr. Steven Gelber or Dr. Lawrence Dolkart. The parties will only designate material Confidential upon a good faith, reasonable basis.

2. The term "Confidential Material," as used herein, means all originals and copies of any paper or thing that any party has designated as Confidential, and the information contained therein.

3. Confidential Material under this Stipulation and Order shall be used solely for purposes of preparing for and conducting the litigation of the instant action, entitled, *Sally Lamb and Daniel Lamb v. WKI Holding Company, Inc. and World Kitchen, Inc.* (United States District Court for the Northern District of New York Case No. 5:05-CV-626) (the "Action") and any appellate proceedings in the Action. Such Confidential Material shall not be used or disclosed for any other purpose whatsoever, including, but not limited to, business or competitive purposes or the prosecution or defense of any other action, whether or not it is similar in any respect to the Action.

4. Confidential Material may be designated at any time by affixing or stamping documents or items containing such information "CONFIDENTIAL" including documents constituting deposition transcripts or portions thereof, answers to interrogatories or responses to requests for admissions, pleadings, documents produced in response to requests for production, or any other papers or things containing Confidential Material.

5. Any party or deposition witness wishing to designate documents, information or testimony as Confidential may do so at the time of production or stating orally on the record of a deposition, or any time thereafter by providing written notice of the designation to the parties and any other affected person. For the original deposition transcript and each copy thereof, the court

reporter for the deposition shall separately bind the portion or the deposition transcript containing Confidential Material, and any deposition exhibits containing Confidential Material. The court reporter for the deposition shall mark the cover page of such separately bound volumes as follows:

**CONFIDENTIAL**
**IN ACCORDANCE WITH A STIPULATION AND ORDER OF**
**THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF NEW YORK, THE CONTENTS**
**OF THIS VOLUME SHALL BE TREATED AS CONFIDENTIAL**
**AND MUST NOT BE SHOWN TO ANY PERSON OTHER**
**THAN IN ACCORDANCE WITH SUCH STIPULATION AND ORDER**

If the designation is made by notice after receipt of a deposition transcript or exhibits, any party receiving notice of the designation, shall stamp as Confidential the designated portions of any copies of the transcript or exhibits in its possession, and shall take all reasonable steps to assure that transcripts copied but no longer in the possession of said party are likewise appropriately stamped. After designation pursuant to this paragraph, parties will restrict their use of such information in accordance with the requirements of this Stipulation and Order.

6. In the event that any party objects to the designation of any paper or thing as Confidential such party may, in writing, request the designating person to remove the designation. Such written request shall specifically identify the document or information at issue and shall state the reason(s) why the designation should be removed. The designating person, by its counsel, shall respond in writing within fifteen (15) business days of receipt of the written request. If the designating person refuses to remove the designation, its written response shall state the reason(s) for this refusal. If the designating person refuses to remove the designation, any party may file a motion for an order requiring the designating person to remove the

designation in accordance with the requirements of Paragraph 13 of this Stipulation and Order. The designated Confidential Material at issue shall continue to be treated as Confidential until the Court orders otherwise or the parties otherwise agree.

7. Except with the prior written consent of the designating party, no Confidential Material may be shown or disclosed to any person or entity other than the designating party or its employees, the parties to this action or their employees, the Court, Court personnel, court reporter(s) employed in this Action, outside counsel of record for a party and its employees, General Counsel and the law department staff regularly employed by a party (or its parent or affiliated companies) who are working on the matter at issue in the Action (including the paralegal, clerical, and secretarial staff employed by such counsel), and a "Qualified Person" as is defined below in Paragraph 8.

8. For this purpose of this Stipulation and Order "Qualified Person" means outside experts or consultants, and their employees, retained by a party or counsel to a party in good faith to assist counsel with respect to this litigation.

9. Prior to disclosing any Confidential Material to each Qualified Person, the disclosing party shall provide such Qualified Person with a copy of this Stipulation and Order, and such Qualified Person shall agree to be bound by the terms of this Stipulation and Order and to sign a nondisclosure agreement in the form of Exhibit A annexed hereto. Counsel for the disclosing party will retain the nondisclosure agreement signed by each Qualified Person to whom the disclosing party disclosed Confidential Material.

10. The inadvertent or unintentional production of Confidential Material without a Confidential designation shall not be deemed a waiver in whole or in part of a party's later claim of Confidential treatment under the terms of this Stipulation and Order. Any Confidential

Material that is produced initially without bearing a Confidential designation may later be so designated, and the receiving party shall then make reasonable efforts to retrieve copies, if any, of such later designated Confidential Material that was disclosed to persons other than those authorized in Paragraphs 7 and 8 hereof to receive it and to prevent further use or disclosure thereof by such persons.

11. Should any Confidential Material be disclosed, through inadvertence or otherwise, to any person not authorized to receive it under this Stipulation and Order, then the disclosing person(s) shall promptly: (a) identify the recipients and the circumstances of the unauthorized disclosure to the relevant producing person(s); (b) use best efforts to retrieve any documents or copies reflecting confidential material from the unauthorized recipient(s); and (c) use best efforts to bind the recipients to the terms of this Stipulation and Order. No information shall lose its Confidential Material status because it was disclosed to a person not authorized to receive it under this Stipulation and Order.

12. In the event that Confidential Material is disclosed or made available to a witness at a deposition or other proceeding, the witness may not retain such Confidential Material, or notes reflecting such Confidential Material, after the conclusion of the witness' testimony. Nothing herein shall be construed to place any limitations upon the testimony of that witness in any proceeding in this Action. Nothing herein shall prevent a deposition witness from reviewing a transcript of his or her deposition testimony, and any exhibits thereto, in accordance with the New York Civil Practice Law and Rules, the Uniform Rules for the New York State Trial Courts, the applicable rules of evidence and/or any stipulation on the record by counsel for the parties.

LIBNY/4491709.1

13. If any party files any Confidential Material with the Court or makes reference to such Confidential Material in briefs or in any other filings submitted to the Court, such Confidential documents, information and/or court filings shall be filed in a sealed envelope or other appropriate sealed container, which shall be endorsed with (i) the title of this Action and (ii) a statement in substantially the following form:

**CONFIDENTIAL**
**IN ACCORDANCE WITH A STIPULATION AND ORDER OF**
**THE UNITED STATES DISTRICT COURT FOR THE NORTHERN**
**DISTRICT OF NEW YORK, THE CONTENTS OF THIS ENVELOPE**
**SHALL BE TREATED AS CONFIDENTIAL AND MUST NOT BE SHOWN**
**TO ANY PERSON OTHER**
**THAN IN ACCORDANCE WITH SUCH STIPULATION AND ORDER**

14. Subject to the applicable rules of evidence, Confidential Material may be presented to the Court, or offered in evidence, at trial or any court hearing in open court, but the designating party may move the Court for an order that the Confidential Material be received by the Court under conditions to limit its disclosure.

15. The use of Confidential Material in any Court proceeding in the Action or any appeal therefrom, shall not cause the Confidential Material to lose its status as Confidential Material, and the party using such Confidential Material shall take all steps necessary to protect its confidentiality during such use.

16. If, in any other action or proceeding, a party is commanded by subpoena or other forms of discovery to produce any document designated Confidential, the party receiving the subpoena or other discovery shall notify the party who made the designation of that fact in writing, by fax and overnight delivery as early as possible, but in no event later than ten (10) days prior to compliance with the subpoena or other discovery. The subpoenaed party (or the

party responding to other discovery) shall take all reasonable steps to cooperate with the designating party to carry out the spirit and intent of this Stipulation and Order.

17. Any information designated Confidential shall be subject to the provisions of this Stipulation and Order as Confidential Material until the designating party withdraws the designation or the Court orders that the designation be withdrawn.

18. Not more than 30 days after the final determination of this litigation, whether by judgment, settlement or otherwise, including any appeals that may be taken:

   (a) Counsel of record for each party shall promptly assemble all Confidential Material (including all copies that may be held by Qualified Persons) and return it to the designating party or, at the written consent of the designating party, destroy it and provide the designating party a written confirmation of destruction.

   (b) The Clerk of the Court shall either return to the party who filed such documents all Confidential Material that has been filed under seal with the Court and those, in turn, must be returned or destroyed in accordance with clause (a); or, alternatively, should the Clerk of the Court retain all Confidential Material that has been filed under seal with the Court, the Clerk of the Court shall continue to maintain such filed documents under seal and shall preserve the level of protection and nonaccess to such Confidential Material in accordance with New York law.

19. Nothing herein shall impose any restrictions on the use or disclosure by a designating party of its own Confidential Material.

20. Notwithstanding any of the foregoing provisions, this Stipulation and Order shall not be construed as a waiver or concession by any party or any position, right or objection concerning the discoverable nature, relevancy, admissibility, privilege, or immunity of any

documents for these or any other proceedings, or of the right to seek to modify this Stipulation and Order or to move for relief from any provision hereof.

21. In the event additional persons become parties to the Action, neither their counsel nor experts retained to assist said counsel shall have access to Confidential Material produced by or obtained from any other party to the Action until said party has executed this Stipulation and Order.

22. The provisions of this Stipulation and Order shall survive the termination of this lawsuit as necessary to effectuate their purpose.

Dated: February __, 2006

_____  
William S. Friedlander (Bar Roll No. 101704)

FRIEDLANDER & FRIEDLANDER, P.C.  
425 Park Avenue  
P.O. Box 109  
Waverly, New York 14892  
Tel: (607) 565-8155

*Attorney for Plaintiffs*  
*Sally Lamb and Daniel Lamb*

_____  
Glenn S. Kerner (Bar Roll No. 104234)  
Diana M. Rosenberg (Bar Roll No. 513224)

GOODWIN PROCTER, LLP  
599 Lexington Avenue  
New York, New York 10022  
Tel: (212) 813-8800

*Attorneys for Defendants*  
*WKI Holding Company, Inc. and*  
*World Kitchen, Inc.*

SO ORDERED:

_____  
Hon. George H. Lowe  
Magistrate Judge of the  
United States District Court

8

LIBNY/4491709.1

**EXHIBIT A**

## AGREEMENT TO BE BOUND BY STIPULATION AND ORDER FOR THE EXCHANGE OF CONFIDENTIAL INFORMATION

I, _____, the undersigned, in connection with the action *Sally Lamb and Daniel Lamb v. WKI Holding Company, Inc. and World Kitchen, Inc.* (United States District Court for the Northern District of New York Case No. 5:05-CV-626) (the "Action"), hereby acknowledge that I have received the Stipulation and Order For The Exchange Of Confidential Information (the "Stipulation and Order") entered in the Action, have read the same, understand the limitations it imposes on the use and disclosure of material or information designated as Confidential, and agree to be bound by all the provisions of the Stipulation and Order, as if I were a signatory thereto.

Dated: _____

_____
Print Name:
Company:
Title:

LIBNY/4491709.1